TRINA A. HIGGINS, United States Attorney (#7349)
CAMERON P. WARNER, Assistant United States Attorney (#14364)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case No. __2:24mj219 CMR__  <br><br>**Filed Under Seal** |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require **Google, LLC**. an email service provider, headquartered in Mountain View, California to disclose certain records and other information pertaining to the email accounts **emal.khosti@gmail.com (Google account ID 35771878871) and emal.khosti222@gmail.com (Google account ID 875053548332**) as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1.      Google, LLC is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18

U.S.C. § 2711(2).  Accordingly, the United States may use a court order issued under § 2703(d) to require Google, LLC to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.     This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d).  Specifically, the District Court of Utah is a district court of the United States that has jurisdiction over the offense being investigated.  *See* 18 U.S.C. § 2711(3)(A)(i).

3.     A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

<u>THE RELEVANT FACTS</u>

4.     The United States is investigating the attempted use of falsified visa application documents for purposes of gaining a Special Immigrant Visa. The investigation concerns possible violations of, inter alia, 18 U.S.C. § 1546.

5.     In June of 2021, Emal Khan Khosti (KHOSTI) began compiling documentation in order to immigrate to the United States by means of a Special

Immigrant Visa. A Special Immigrant is a person who qualifies for lawful permanent residence under one of several programs. Section 602(b) of the Afghan Allies Protection Act of 2009, as amended, is a special immigrant program, which authorizes the issuance of Special Immigrant Visas to Afghan nationals who meet certain requirements. The requirement claimed to be met by KHOSTI on his application is that of having been employed in Afghanistan for a period of at least one year between October 7, 2001 and December 31, 2023 by, or on behalf of, the U.S. government. See https://travel.state.gov/content/travel/en/us-visas/immigrate/special-immg-visa-afghans-employed-us-gov.html#overview for further details.

6.      On June 24, 2021, KHOSTI submitted a Supplemental Special Immigrant Visa (SIV) Chief of Mission Application to the Department of State. In the application KHOSTI indicated he had been employed by the Afzal Construction Company for three separate, specified time periods between 01 May 2010 and 31 March 2013. On that application, KHOSTI indicated he worked at Command Outpost (COP) Jalrez in Wardak, Afghanistan from May 1st, 2010, to March 31st, 2011, under the supervision of 1st Lieutenant Adam Jannetti. On the application KHOSTI also indicated he worked at Forward Operating Base (FOB) Shank/Camp Maiwand in the Logar province of Afghanistan from February 7th, 2012, to February 6th, 2013, under the supervision of Captain Burton Milnor. Additionally, KHOSTI indicated on the application that he worked at COP Conlon in Wardak, Afghanistan under the supervision of Major Elliott Acevedo. On the Supplemental SIV Chief of Mission Application, KHOSTI did not mention the name United States Army Warrant Officer Jaime Alberto Vela (VELA) as a

supervisor for any time period.

7.     On June 24th, 2021, VELA submitted a Letter of Recommendation for KHOSTI regarding his request for a Special Immigrant Visa as an Afghan National. In the Letter of Recommendation, VELA stated KHOSTI worked under his direct supervision at FOB Shank from February 7th, 2012, until June 1st, 2012. However, VELA's Army deployment records indicate that he was not deployed to Afghanistan at any point during 2012 and therefore could not have directly supervised KHOSTI.

8.     VELA's United States Army service records indicate he deployed to Afghanistan on four separate occasions. According to those records, he deployed to Afghanistan from March 4th, 2007 to October 25th, 2007, from May 4th, 2008 to January 29th, 2009, from July 25th, 2011 to November 20, 2011, and from January 12th, 2016 to May 1st, 2016. According to VELA's Army service records, he was not deployed to Afghanistan at any point in 2012 when he claimed to have directly supervised KHOSTI in the Letter of Recommendation. Consequently, there is probable cause to believe the use of the Letter of Recommendation in furtherance of KHOSTI's visa application is fraudulent.

9.     VELA is currently under investigation by the Department of Defense Office of Inspector General Defense Criminal Investigative Service for crimes related to the submission of fraudulent Letters of Recommendation on behalf of Afghan visa applicants. VELA has submitted approximately 300 Letters of Recommendation for Afghan visa applicants. Investigators suspect many of those Letters of Recommendation are fraudulent.

10.    Public records checks indicated a phone number for KHOSTI of 725-272-8802. The FBI contacted KHOSTI via that phone number and on October 19th, 2023, the FBI interviewed KHOSTI and questioned him about his visa application. In that interview, KHOSTI said he worked for the Afzal Construction Company in Afghanistan from May 1, 2010 to March 31, 2013. He said he worked at FOB Shank, Camp Jalrez, and Camp Maidwand. He said he worked as a driver, cleaned up trash inside the camp, and that his VELA was his supervisor. KHOSTI said he had recently been in contact with VELA via email to ask him to provide a new Letter of Recommendation for his visa application.

11.    Based on my training and experience, I assessed KHOSTI's responses to my questions about his employment on behalf of the U.S. military and his supervisors to be untruthful. When I asked KHOSTI about the dates of his employment on behalf of the U.S., he quickly provided the dates of May 1, 2010 and March 31, 2013 without needing to consult any kind of records, as though he had the dates memorized. When I asked him who supervised him at FOB Shank, Camp Jalrez, and Camp Maidwand, he only provided the name of VELA. KHOSTI did not know what VELA's role was, only that he was in the U.S. Army. KHOSTI did not for how long or when VELA had supervised him. I assessed KHOSTI's responses to likely be untruthful because of how he remembered the beginning and ending dates of his employment for the U.S. with great detail, but when asked about his supervisors at the various locations where he had worked, he only provided the one name of VELA. I assessed that KHOSTI was naming VELA as though

he was a catch-all supervisor covering three different military installations over a period of almost three years.

12.     On KHOSTI's Supplemental SIV Chief of Mission Application, he indicated he used the email address emal.khosti222@gmail.com. A subpoena was issued for the subscriber information for that email address. The returns indicated the email account had a recovery email address of emal.khosti@gmail.com. A subpoena was then issued for the subscriber information for emal.khosti@gmail.com. The subpoena returns indicated both emal.khosti222@gmail.com and emal.khosti@gmail.com have a recovery SMS number of +17252728802, the telephone number KHOSTI is known to use.

13.     Based on the facts set forth above, there are reasonable grounds to believe that KHOSTI's email records found in Google accounts emal.khosti222@gmail.com and emal.khosti@gmail.com are relevant and material to the investigation. The email records are reasonably likely to provide evidence of KHOSTI and VELA's communication as KHOSTI procured falsified letters of recommendation from VELA in furtherance of his attempt to acquire a Special Immigrant Visa, in violation of 18 U.S.C. § 1546.

<u>REQUEST FOR ORDER</u>

14.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, the records requested will help the United States to locate evidence of historical communication between KHOSTI and VELA as KHOSTI sought to procure

falsified letters of recommendation from VELA in furtherance of his attempt to acquire a Special Immigrant Visa. Accordingly, the United States requests that Google, LLC be directed to produce all items described in Part II of Attachment A to the proposed Order.

15.    The United States further requests that the Order require Google, LLC not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a time period of one year. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, and change patterns of behavior.

16.    The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court.  As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal

these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully Submitted on 4th day of March, 2024.

TRINA A. HIGGINS
United States Attorney


_____/s/ Cameron P. Warner
CAMERON P. WARNER
Assistant United States Attorney